THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLY NATHAN PREUITT,

        Plaintiff,

    v.

OREGON DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.

No. 3:16-cv-00835-PK

**FINDINGS AND RECOMMENDATION**

**PAPAK, Magistrate Judge:**

    Plaintiff Kelly Nathan Preuitt brings this civil rights action against defendants Oregon Department of Corrections (ODOC); Collette Peters, Director of ODOC; Steve Shelton, M.D., Chief Medical Officer for ODOC; Heidi Steward, Superintendent of the Coffee Creek Correctional Facility (Coffee Creek); and John Does 1-10. Plaintiff, who is diabetic and suffers from poor circulation, alleges that three of his toes were amputated because Defendants forced

Page -1-

him to wear shoes that were too small and failed to properly treat the resulting infection.

Plaintiff brings seven claims against Defendants. Defendants now move to dismiss Plaintiff's First through Fifth Claims for failure to state a claim. In his response brief, Plaintiff agrees to the dismissal without prejudice of his First Claim, for negligence, and his Second Claim, for medical malpractice. Plaintiff also agrees to the dismissal with prejudice of his Fourth and Fifth Claims, for refusal to accommodate disability. Plaintiff's concessions leave only his Third Claim, for violation of the Eighth Amendment, at issue.[1] I recommend granting Defendants' Motion to Dismiss with prejudice as to Plaintiff's Fourth and Fifth Claims, and without prejudice as to Plaintiff's First, Second, and Third Claims.

## BACKGROUND

The following background is from Plaintiff's complaint.[2] Plaintiff has been an inmate in ODOC custody since 2010. On May 13, 2014, he was transferred from the Deschutes County Jail to Coffee Creek in Wilsonville, through the ODOC Hub in Salem. Before the transfer, Plaintiff had been wearing prescribed specialized footwear. He wears size 15 shoes. While Plaintiff was held at the ODOC Hub during the transfer to Coffee Creek, ODOC employees took his specialized footwear and gave him size 9 shoes instead.

Plaintiff's request to keep his specialized shoes was denied. Plaintiff complained that if he was forced to wear the smaller shoes, his toes would swell and blister, potentially causing him

---

[1] Defendants do not move to dismiss Plaintiff's Sixth Claim, for violation of the Americans with Disabilities Act, or his Seventh Claim, for violation of the Rehabilitation Act.

[2] Because Defendants move to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), this court "must accept all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party." *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).

to lose his toes. ODOC employees told him that size 9 shoes were the largest available.

When Plaintiff arrived at Coffee Creek, he asked for the return of his specialized shoes. He said that his medical records would verify that he suffered from diabetes and required specialized footwear, but Coffee Creek staff refused to return his specialized footwear.

During a medical examination by a nurse at Coffee Creek, Plaintiff again requested his specialized footwear and asked the nurse to review his medical records. The nurse told Plaintiff that a doctor would see him the next day. Meanwhile, Plaintiff was required to continue wearing the smaller shoes, and was not allowed to wear socks without shoes.

The next day, Plaintiff saw a doctor. Plaintiff explained his medical condition and need for specialized shoes. The doctor, who did not examine Plaintiff's feet, said he would order shoes. Later that day, Plaintiff's feet began to swell, blister, and bleed. He showed his feet to a corrections officer, but nothing was done in response.

A few days later, another doctor saw Plaintiff. The doctor told Plaintiff to continue wearing the smaller shoes until the new shoes arrived. The doctor ordered that Plaintiff's feet be treated with dressings changed daily.

Over the next few days, the condition of Plaintiff's feet worsened. Coffee Creek medical staff did not consistently change the dressings, but instead sometimes "pressed on Plaintiff's feet, through the dressing, and told Plaintiff his feet were fine and still getting circulation." Compl. ¶ 18, ECF No. 1.

Two weeks after the transfer to Coffee Creek, Plaintiff's toes were so badly infected that when he showed them to a corrections officer, the officer immediately had Plaintiff taken to medical staff. Three doctors examined Plaintiff and agreed that he should be taken to the

Page -3-   FINDINGS AND RECOMMENDATION

emergency room at Meridian Park Hospital (Meridian Park) in Tualatin. On May 28, 2014, Plaintiff was hospitalized at Meridian Park, suffering from diabetic foot ulcers, gangrene, sepsis, and necrotic tissue.

After several days, Meridian Park staff found that the infection had reached Plaintiff's bones, requiring amputation of the first and second toes on his right foot and the first toe on his left foot. Plaintiff alleges that Meridian Park staff refused to release him to Coffee Creek "until they received assurance that Plaintiff would receive appropriate and proper medical treatment following his amputations." Compl. ¶ 22. Plaintiff was returned to ODOC custody from Meridian Park on June 3, 2014. Abrams Decl. 2 & Ex. A, ECF No. 17 (ODOC housing records for Plaintiff). Plaintiff filed his complaint on May 12, 2016.

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To show plausibility, the plaintiff must do more than show "a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "merely consistent' with a defendant's liability, . . . 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citations omitted).

The court is not required to accept a complaint's legal conclusions. *Id.* "Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).

## DISCUSSION

### I. The Claims Against Three Named Individual Defendants Should Be Dismissed Without Prejudice

#### A. Legal Standards for Eight Amendment Claims

To state an Eighth Amendment claim under 42 U.S.C. § 1983 based on medical treatment in prison, a plaintiff must show "deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). First, the plaintiff must show "'a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Wilhelm v. Rotman,* 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006) (further quotation marks and citation omitted)). "'Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.'" *Id.* (quoting *Jett,* 439 F.3d at 1096). To show deliberate indifference, the plaintiff must present evidence that the defendants purposefully acted or failed to respond to the plaintiff's medical need, and that the defendants' indifference harmed the plaintiff. *Id.* Medical malpractice, a difference in medical opinion, or negligence are not sufficient to establish an Eighth Amendment violation. *Id.* at 1122-23. Nor does a delay in medical care, without more, show deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

#### B. Discussion

Defendants accept for purposes of this motion that Plaintiff has shown a serious medical need, the first element of his Eighth Amendment claim. Defendants contend, however, that Plaintiff has failed to allege the requisite intent for a claim of deliberate indifference. As to the

Page -5-   FINDINGS AND RECOMMENDATION

still-unidentified John Doe defendants, including two doctors, nurses, and other staff members, Defendants contend that Plaintiff's Eighth Amendment claim is not timely.

The three individual defendants named in Plaintiff's Eighth Amendment claim are senior administrators with ODOC: Collette Peters, the ODOC director; Dr. Steve Shelton, chief medical officer for ODOC; and Heidi Stewart, the Coffee Creek supervisor. "Supervisors aren't vicariously liable for constitutional violations under section 1983. But they can be liable for their own conduct." *Peralta v. Dillard*, 744 F.3d 1076, 1085 (9th Cir. 2014) (en banc) (citations omitted).

Plaintiff has failed to allege that the three named individual defendants were personally involved in the alleged violation of his Eighth Amendment rights, or that they had the requisite culpable intent to show deliberate indifference. Plaintiff has not alleged that these named defendants knew anything about his circumstances of his treatment. Nor has Plaintiff alleged facts indicating that any of these three defendants improperly trained or failed to train, supervise, or control their subordinates. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (describing requirements for supervisor liability under § 1983).

In his response brief, Plaintiff argues that defendant Peters "was responsible for ensuring that [Coffee Creek] operated within the confines of federal and state law and providing administrative oversight," and that Peters "did not meet this obligation" by failing to ensure that indigent prisoners like Plaintiff would receive "footwear medically necessary to allow for proper circulation and the prevention of toe loss for large-footed diabetics." Pl. Resp. 9, ECF No. 15. Plaintiff makes a similar argument as to defendant Stewart, Coffee Creek's superintendent. As to defendant Dr. Shelton, ODOC medical director, Plaintiff argues that he failed to properly train

Page -6-   FINDINGS AND RECOMMENDATION

doctors at Coffee Creek in the treatment of diabetic inmates forced to wear shoes that are too small. I agree with Defendants that Plaintiff seeks to hold these supervisory defendants vicariously liable for the actions of employees under their supervision, without any specific allegations that they personally participated in the alleged deprivation of medical care.

I conclude that Plaintiff's claims against these three individual defendants must be dismissed for failure to state a claim. The question then is whether dismissal should be with or without prejudice. When the court grants a Rule 12(b)(6) motion, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (internal quotation marks and citations omitted). The court may, however, deny leave to amend if no amendment could cure the complaint's defects. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003) (per curiam).[3] Because this is Plaintiff's initial complaint, I recommend that he be allowed leave to file an amended complaint addressing the deficiencies in his claims against the three named individual defendants.

Defendants also argue that the three supervisory defendants are entitled to qualified immunity. I conclude, however, that Plaintiff should be given an opportunity to state a claim against these three defendants in an amended complaint before this court addresses qualified immunity.

---

[3] The court may also deny leave to amend because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of allowance of the amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003) (per curiam).

Page -7-   FINDINGS AND RECOMMENDATION

## II. The Claims Against John Doe Defendants Should Be Dismissed Without Prejudice

Defendant argues that Plaintiff's claims against the John Doe defendants are not timely. Plaintiff's response brief does not address timeliness, but rather argues that the allegations in his complaint state a claim against the John Doe defendants. Pl. Resp. 3-7, ECF No. 15. Plaintiff describes the John Doe defendants as an intake officer at Coffee Creek who allegedly seized and retained Plaintiff's specialized footwear; a doctor at Coffee Creek, referred to by Plaintiff as the "First Doctor," who allegedly ordered Plaintiff to continue wearing the smaller jail-issued shoes; another doctor at Coffee Creek, the "Second Doctor," who allegedly failed to treat Plaintiff's feet properly; and nursing staff who allegedly failed to respond adequately to the severity of his condition.

Oregon's two-year statute of limitations, Or. Rev. Stat. § 12.110, applies to claims under 42 U.S.C. § 1983. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002). Federal law determines when a claim under § 1983 accrues. *Lukovsky v. City and Cty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). Under federal law, a claim accrues when "the plaintiff knows or has reason to know of the injury." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 581 (9th Cir. 2012) ("a claim accrues not just when the plaintiff experiences the injury but when the plaintiff knew or in the exercise reasonable diligence should have known of the injury and the cause of that injury") (quotation marks omitted).

Here, Plaintiff's Eighth Amendment claim accrued no later than June 3, 2014, when he

was released from Meridian Park after his toes were amputated.[4] Abrams Decl., Ex. A, ECF No. 17 (ODOC housing history for Plaintiff). By the day he was released, Plaintiff knew of his injury and the immediate cause of it, whether or not he knew the names of those responsible for his treatment. *See Clavette v. Sweeney*, 132 F. Supp. 2d 864, 874 (D. Or. 2001) (for a claim to accrue under federal law, the plaintiff "need not . . . know the identity of the person who caused the injury").

Plaintiff filed this action on May 12, 2016, within the two-year statute of limitations. Plaintiff filed proposed summonses for the John Doe defendants on May 20, 2016, the same day he filed proposed summonses for the named defendants. ECF No. 7. Not surprisingly, none of the John Doe defendants have acknowledged service. Defendants now argue that Plaintiff's claims against the John Doe defendants are not timely because "the naming of any defendant would occur more than two years after the acts complained of." Defs. Reply 4, ECF No. 16.

The Ninth Circuit does not favor the use of "Jane Doe" or "John Doe" to identify a defendant. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Nevertheless, the Ninth Circuit permits a plaintiff to name a fictitious defendant in the complaint if the plaintiff does not know the true identity of the defendant before filing the complaint. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). "A district court abuses its discretion by denying leave to amend where the complaint's deficiencies could be cured by naming the correct defendant." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013). If the identity of any defendant is unknown, "the plaintiff should be given an opportunity through discovery to identify the

---

[4] Although the complaint does not allege the date Plaintiff was released from Meridian Park, it does allege that Plaintiff was first hospitalized at Meridian Park on May 28, 2014. Compl. ¶ 20.

Page -9-    FINDINGS AND RECOMMENDATION

unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie,* 629 F.2d at 642.

I conclude that Federal Rule of Civil Procedure 4(m), which sets the time limit for service of process, requires dismissal without prejudice of the John Doe defendants. "The 120-day period[5] for service of the summons and complaint applies to Doe defendants." *Morris v. Barra,* No. 10-cv-2642-AJB (BGS), 2012 WL 1059908, at *2 (S.D. Cal. Mar. 28, 2012) (citing *Scott v. Hern,* 216 F.3d 897, 911-912 (10th Cir. 2000), *Figueroa v. Rivera,* 147 F.3d 77, 83 (1st Cir. 1998)). Rule 4(m) provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, more than 90 days have elapsed since Plaintiff filed the complaint, and Plaintiff has not served the John Doe defendants. "This Court does not have jurisdiction over a defendant unless it has been properly served pursuant to Rule 4." *Ferguson v. Mgmt. Training Corp.,* 3:16-cv-00706–BR, 2017 WL 107969, at *1 (D. Or. Jan. 10, 2017) (citing *Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir. 1982)). Rule 4(m) therefore requires dismissal of the John Doe defendants without prejudice.

District courts do, however, "have broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams,* 473 F.3d 1038, 1041 (9th Cir. 2007). Rule 4(m) allows a plaintiff to show "good cause" for the failure to timely serve a defendant. Good cause may be shown if, for

---

[5] Rule 4(m) was amended in 2015 to shorten the time limit for service to 90 days. Fed. R. Civ. P 4(m) advisory committee's note to 2015 amendment. The 90-day limit applies here.

Page -10- FINDINGS AND RECOMMENDATION

example, the defendant evades service. *Wei v. State of Hawaii*, 763 F.2d 370, 371 (9th Cir. 1985). A plaintiff's "mere inadvertence does not qualify as good cause." *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990). Even if a plaintiff fails to show good cause, however, "'the district court may extend time for service upon a showing of excusable neglect. Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action.'" *Crowley*, 734 F.3d at 976 (quoting *Lemoge v. United States,* 587 F.3d 1188, 1198 (9th Cir. 2009) (internal citations omitted)); *see also Efaw*, 473 F.3d at 1041 (court may consider factors such as "'a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service'") (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

Here, I recommend that Plaintiff's claims against the John Doe defendants be dismissed without prejudice for failure to effect service within 90 days of filing the complaint. Although this court must give the plaintiff notice before dismissing under Rule 4(m), *Crowley*, 734 F.3d at 975, these Findings and Recommendation provide Plaintiff with the notice required. *See Moore v. Rosenblatt*, No. 2:15-cv-8021-ODW (GJS), 2016 WL 6783341, at *6 (C.D. Cal. Oct. 11, 2016) (Report and Recommendation provided adequate notice of dismissal under Rule 4(m) "because [the plaintiff] has the right to file objections in response and the opportunity to establish good cause for his failure to effect service of process, if he can"), *adopted*, 2016 WL 6781092 (C.D. Cal. Nov. 16, 2016).

Defendants contend that even if Plaintiff now files an amended complaint identifying the John Doe defendants, his claims against those defendants would be time-barred because the amended complaint would not relate back to the original complaint. Defs. Reply 4-5 n.3, ECF

Page -11- FINDINGS AND RECOMMENDATION

No. 16. Federal Rule of Civil Procedure 15(c) "governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S.p.A.,* 560 U.S. 538, 541 (2010); *see Sarnowski v. Peters,* No. 2:16-cv-176-SU, Findings & Recommendation 7-13, ECF No. 17 (D. Or. Sept. 8, 2016) (summarizing this district's decisions on relation back when the plaintiff files an amended complaint identifying John Doe defendants after the statute of limitations has run), *adopted,* Order, ECF No. 19 (D. Or. Oct. 12, 2016). Because of my conclusion that the claims against the John Doe defendants should be dismissed without prejudice for failure to comply with Rule 4(m), I need not address Defendants' arguments on relation back at this time.

## CONCLUSION

For the reasons provided above, Defendants' Motion to Dismiss, ECF No. 13, should be granted with prejudice as to Plaintiff's Fourth and Fifth Claims, and without prejudice as to Plaintiff's First, Second, and Third Claims. Plaintiff should be allowed to file an amended complaint within a reasonable time addressing the deficiencies noted in these Findings and Recommendations.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings

and Recommendation will go under advisement.

Dated this 1st day of March, 2017.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge